CAPITOL TRANSFER COMPANY *v.* ASSOCIATED CLEANERS AND DYERS, INC.

[No. 14,901. Filed October 18, 1935. Rehearing denied January 8, 1936.]

*Hottel, Mote & Smith* and *Little, Little & Horn,* for appellant.

*Clarke & Clarke* and *Charles L. Tindall,* for appellee.

KIME, J.—The appellee was engaged in the business of cleaning and dyeing clothing and incidental work connected therewith, and had engaged the appellant to haul freight from the railroad, warehouses, and depots to appellee's place of business as such freight arrived at the various railroads, warehouses, and depots. The appellee had given to the appellant a written order upon which the carriers would deliver over the freight as it arrived. It appears that the appellee had become indebted to the appellant for such drayage; that it had failed to pay for some time and that there had been no freight to be transported by the appellant for appellee for some time.

Appellant had made several requests upon the appellee for payment of the bill of some $25.00 but appellee was unable to make any payments thereon. Finally a keg of paint arrived at one of the railroad depots, consigned to appellee, and the appellant seized this freight and took it to its place of business. Sometime after that an agent of the appellant called upon the general manager of the appellee relative to the collection of the bill but said nothing about the freight that it had seized and was holding.

At the time of this visit the appellee had a machine that it desired to have transported to Chicago for immediate repairs, it being just before the Easter rush of business in the cleaning and dyeing industry. The general manager of the appellee told the representative of the appellant that the old bill could not be paid nor

could the appellee pay for the drayage upon the machine but that he, the general manager, personally, would pay for the drayage incurred for this machine. The representative of appellant took the machine with this understanding to its place of business and instead of forwarding it to Chicago, by fast freight or motor transportation, held the machine in its garage or place of business for several days and until the appellee finally located it in appellant's garage.

Appellee then filed a replevin suit in one paragraph asking for the return of the goods unlawfully held, to which the appellant answered in two paragraphs: (1) a general denial, and (2) a paragraph of answer denominated a cross-complaint, in which appellant alleged that it was holding certain goods as a warehouseman and asked for judgment in the sum of $100.00 for freight, storage, warehousing, etc. The issues thus formed were submitted to a jury for trial and a verdict was returned in favor of the appellee on its complaint for $435.00 and the recovery of its property. The jury found for the appellant on its cross-complaint in the sum of $35.00. Judgments were accordingly entered on such verdicts by the court.

Following a motion for a new trial the appellant assigned as error the overruling of said motion; and the overruling of a motion for judgment on answers to interrogatories.

The motion for new trial contained forty-five separate grounds, including alleged error in the giving of twenty-two instructions by the court of its own motion. Two of the grounds, namely, that the damages assessed are excessive, are expressly waived by the appellant by failure to discuss them. Of the twenty-two instructions alleged to have been erroneous in the motion for new trial only two are discussed in the brief. These two instructions are directed to the point of what was necessary in a statutory or com-

mon law lien, and in view of the result reached here, the giving thereof was not prejudicial error.

As to the alleged error in the admission and rejection of certain evidence after a careful review we find no prejudicial error. The other two alleged errors are that the verdict is contrary to law and is not sustained by sufficient evidence. In the disposition of these, in view of the result reached, it is unnecessary to discuss any of the other grounds separately.

There is evidence in the record from which the jury was warranted in concluding that the appellant obtained possession of these goods not for the purpose of transferring them to the appellee's place of business, but to be held illegally and for the sole purpose of forcing appellee to pay an old account. The evidence is sufficient to warrant the jury in assuming that the appellant did not secure the possession of either the paint or the machine with the intent of rendering any service for which, in common or statutory law, a lien could be asserted or maintained.

The court did not err in overruling a motion for a new trial. The answers to the interrogatories do not form any basis for a judgment in favor of the appellant and the court did not err in overruling the motion for a judgment on such answers.

The judgment of the Hancock Circuit Court is in all things affirmed.